UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT REVELS III,<br><br>        Petitioner,<br><br>  v.<br><br>PAUL THOMPSON,<br><br>        Respondent. | CASE NO. C19-5824 BHS<br><br>ORDER TO SHOW CAUSE AND DIRECTING CLERK OF COURT TO MAIL PETITIONER STANDARD § 2255 FORM |

This matter comes before the Court on Petitioner Robert Revels, III's ("Petitioner") proposed petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1.

On August 26, 2019, Petitioner initiated this action by filing a proposed § 2241 petition in the Eastern District of California. Dkt. 1. On September 4, 2019, the case was transferred here, the district where Petitioner was convicted, after the Honorable Carolyn K. Delaney, United States Magistrate Judge, entered an order finding that the petition was actually a motion to vacate, set aside, or reduce sentence under 28 U.S.C. § 2255.[1] Dkt. 3; *see also* Rule 3 of the Rules Governing Section 2255 Proceedings (2255 motions must be filed in the court where the challenged conviction was entered).

---

[1] Following a four-day bench trial in 2011, the undersigned convicted Petitioner of aiding and abetting unarmed bank robbery and sentenced him to 192 months of incarceration. *United States of America v. Revels*, CR 10-5268BHS, Dkts. 95, 116. The undersigned resolved Petitioner's first § 2255 motion in 2016 by denying the motion in part and granting it in part, resentencing him to 120 months of incarceration, CR 10-5268BHS, Dkt. 144, and denying the remainder of the motion as moot. *Revels v. United States of America*, CV 14-5896BHS Dkts. 50, 55, 56.

ORDER - 1

| 1  | When he initiated this action in California, Petitioner did not pay the $5.00 filing |
| 2  | fee required for a writ of habeas corpus and did not move for leave to proceed *in forma* |
| 3  | *pauperis* ("IFP"). Dkt 1. |
| 4  | On September 4, 2019, the Clerk of Court here, treating Petitioner's motion as it |
| 5  | was captioned under § 2241, sent a letter via United States mail notifying Petitioner of |
| 6  | the filing fee requirement and providing instructions on how to submit an application to |
| 7  | proceed IFP. Dkt. 5. The letter notified Petitioner that his action may be subject to |
| 8  | dismissal if he failed to respond by October 4, 2019. *Id.* |
| 9  | Petitioner did not respond. |
| 10 | Upon review of the proposed petition, the Court agrees with Judge Delaney that |
| 11 | Petitioner's motion challenges his conviction and sentence and is therefore properly |
| 12 | brought under § 2255. *See Hernandez v. Campbell*, 204 F.3d 861, 862 (9th Cir. 2000). |
| 13 | There is no filing fee for a motion filed pursuant to 28 U.S.C. § 2255. Petitioner's case |
| 14 | should not be dismissed for his failure to pay a filing fee that is not required for the |
| 15 | motion that he brings. |
| 16 | The motion is, however, not yet ripe for the Court's review because Petitioner |
| 17 | submitted it using only the standard form for a petition brought under 28 U.S.C. § 2241. |
| 18 | Dkt. 1. Although Petitioner provided many legal arguments germane to an attack on his |
| 19 | conviction in the proposed petition submitted using the § 2241 form, to give him a full |
| 20 | and fair opportunity to present arguments specific to § 2255, Petitioner should file his |
| 21 | motion in the correct form. The Clerk of Court should send Petitioner a copy of the |
| 22 |  |

court's "Under 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" form at his last known address.

In the alternative, Petitioner may wish to proceed under § 2241 by arguing that he is actually innocent of his sentence and that the remedy provided by § 2255 is ineffective. *See Allen v. Ives*, 2020 WL 878523, *1 (9th Cir. Feb. 24, 2020) (district court had jurisdiction to determine "purely legal" error raised by § 2241 petition arguing that remedy provided by § 2255 is inadequate or ineffective to test claim of actual innocence). If Petitioner wishes to proceed, he must clarify his motion and **show cause in writing** as to whether he seeks relief under § 2255 or § 2241.

Petitioner may satisfy the show cause order by either (1) filling out the § 2555 form (which may also be accompanied by separate memoranda) and returning it to the Court; or (2) filing a submission explaining why the § 2241 petition should not be dismissed for lack of jurisdiction or converted to a § 2255 motion. Whichever option he chooses, Petitioner must submit his response no later than **April 17, 2020**. Failure to do so may result in **DISMISSAL** of the case without prejudice.

Therefore,

- The Clerk of Court **SHALL** send Petitioner of copy of the standard § 2255 form at his last known address; and

- If he wishes to proceed, Petitioner **SHALL** either (1) fill out this form and return it to the Court or (2) show cause in writing why the petition should not be dismissed for lack of jurisdiction or converted to a § 2255 motion.

- Petitioner shall file his response by **April 17, 2020** or his action will be subject to **DISMISSAL without prejudice**.

**IT IS SO ORDERED.**

Dated this 11th day of March, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge